UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
T-MOBILE NORTHEAST LLC,

    Plaintiff,
 -against-

             **MEMORANDUM & ORDER**
WARREN, LLC, BEACH LANE  15-CV-2751 (FB) (SMG)
MANAGEMENT, INC., DEAN REALTY
LLC, MARK SCHARFMAN, MARZ
REALTY, INC., OCEANS 2, LLC, and
MITCHEL ROTHKEN,

    Defendants.
----------------------------------------------------x

**BLOCK, Senior District Judge:**

 T-Mobile Northeast LLC's ("T-Mobile") has leasehold interests in portions of the rooftops of four buildings owned by the defendants. T-Mobile maintains cell sites on the rooftops to provide voice and data services to its customers and emergency responders. T-Mobile alleges that the defendants obstructed its access to the rooftops in violation of the lease agreements. It brings various claims including breach of contract, breach of the covenant of quiet enjoyment, and actual partial eviction. The defendants now move to dismiss for failure to state a claim under FRCP 12(b)(6) T-Mobile's actual partial eviction claim and its claims against Mark Scharfman in his individual capacity. The motion is denied.

**Actual Partial Eviction Claim**

 T-Mobile alleges that "[b]y refusing to provide T-Mobile with keys and/or other

means of gaining access [to the rooftops], Defendants have partially evicted T-Mobile." ECF 1, at page 24. The defendants assert that because the complaint alleges that the refusal to provide keys occurred in June 2013 and the statute of limitations for intentional torts is one year, T-Mobile's complaint filed May 12, 2015, was untimely with respect to this claim.

But, under New York law, a partial eviction claim does not begin to run until "it is reasonably certain that the tenant has been unequivocally removed with at least the implicit denial of any right to return." *Gold v. Schuster*, 694 N.Y.S.2d 646, 648 (1st Dep't 1999). Accepting the allegations in the complaint as true and drawing all reasonable inferences in T-Mobile's favor, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), T-Mobile was not "unequivocally removed" from the rooftops until T-Mobile received a November 19, 2014, letter from the defendants' attorney stating that all requests for access would be denied by the defendants.

Accordingly, the claim filed within one year of the November 19, 2014, letter is timely.

**Claims Against Mark Scharfman**

T-Mobile's claims against Mark Scharfman relate to the lease for one of the buildings at issue, 568 Pacific Street. Scharfman and T-Mobile's predecessor-in-interest, Omnipoint Communications, Inc. ("Omnipoint"), entered into the lease

agreement in 1996, which Scharfman signed in his individual capacity.[1] The defendants argue that because in 1999 Scharfman conveyed his entire interest in 568 Pacific Street to Dean Realty LLC, another defendant in this case, T-Mobile cannot have a claim against Scharfman.

However, it is well-established under New York law that "a party to a contract cannot relieve himself of his obligations by assigning the contract." *John W. Cowper Co. v. CDC-Troy, Inc.*, 376 N.Y.S.2d 754, 756 (4th Dep't 1975).

> When the landlord voluntarily conveys the fee to real property encumbered by a lease, he terminates thereby all privity of estate between him and his tenant. However, he does not terminate the privity of contract merely by conveying the fee. In other words, all he has done is to assign the lease. The does not terminate the agreement. Therefore, the grantor-landlord continues to remain liable on all the express covenants on his part contained in the lease, whether or not they run with the land, even after the conveyance of the fee.

Robert F. Dolan, Rasch's New York Landlord and Tenant § 5:16 (4th ed. 2015). "[A]n assignment does not release the assignor of its obligations under the assigned contract absent an express agreement to that effect or one that can be implied from facts other than the other contracting party's mere consent to the assignment." *Mandel v. Fischer*, 613 N.Y.S.2d 381, 382 (1st Dep't 1994) (citations omitted).

The defendants point to no express agreement by Omnipoint or T-Mobile to

---

[1] Scharfman is identified on the lease agreement as "MARK SCHARFMAN, d/b/a DEAN REALTY." ECF 1-8 (568 Pacific Street Lease).

release Scharfman from his obligations under the lease. Accordingly, Scharfman remains a proper defendant in this action.

## Conclusion

The defendants' motion to dismiss is DENIED.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 3, 2016